IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOMAS CASTILLO and
STACY CASTILLO,

       Plaintiffs,

v.                                                                                                    1:21-cv-01163-JCH-LF

JANET RENDON, and
JESUS ALEJANDRO RODRIGUES,

       Defendants,

and

JESUS ALEJANDRO RODRIGUES,
and JANET RENDON,

       Counter Claimants,

v.

STACY CASTILLO and
TOMAS CASTILLO,

       Counter Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court *sua sponte*. Plaintiffs filed their original complaint on December 6, 2021. Doc. 1. On February 24, 2022, the Court held a status conference to discuss several ethical and procedural concerns. *See* Doc. 9. The Court ordered plaintiffs to either file supplemental briefing or an amended complaint addressing the Court's concerns, no later than March 10, 2022. Doc. 10. On March 10, 2022, plaintiffs filed their First Amended Complaint and Jury Demand. Doc. 11. Defendants filed an answer and counterclaims to the amended complaint on March 31, 2022. Doc. 12. Having reviewed the amended complaint and the answer to the amended complaint, the Court still has ethical and

procedural concerns about this case. The Court therefore issues this order to show cause.

First, the Court questions whether Stacy Castillo is a real party in interest in this case. The amended complaint names Stacy Castillo as a plaintiff. *See* Doc. 11. The amended complaint does not allege any claims on behalf of Stacy Castillo, but states only that "Stacy Castillo is Plaintiff Tomas Castillo's daughter and duly appointed power of attorney with authority to carry out any and all legal actions pertaining to the subject property." *Id*. at ¶ 4. At the status conference, plaintiffs' attorney, Mr. Sean Simeson, admitted that Stacy Castillo was named as a plaintiff solely based on the fact that she is a power of attorney for Mr. Castillo, who resides in Mexico. *See* Doc. 9 at 1. Under the Federal Rules, "[a]n action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a). The Rules allow a fiduciary to "sue or defend on behalf of a minor or incompetent person." FED. R. CIV. P. 17(c)(1)(D). However, Tomas Castillo is not a minor, and there is no indication in the record that he is incompetent. Accordingly, plaintiffs are hereby ordered to show cause as to how Stacy Castillo is a "real party in interest" in this case under the Federal Rules of Civil Procedure.

Second, the Court has concerns about the conflicts of interest posed by the dual roles of Stacy Castillo in this case. The original complaint implicated Stacy Castillo in both plaintiff and defendant roles in the same case. Stacy Castillo was named as a plaintiff as "Plaintiff Tomas Castillo's daughter and duly appointed power of attorney with authority to carry out any and all legal actions pertaining to the subject property." Doc. 1 ¶ 4. The original complaint also named the Estate of Samuel Castillo Mendoza, Deceased, as a defendant, and stated that "Stacy Castillo was appointed as the personal representative of the estate of the decedent, Samuel Castillo Mendoza, Case No. D-202-PB-2021-00792, Second Judicial District Court, Bernalillo County, New Mexico." *Id*. ¶ 5. Under New Mexico law, "a personal representative

2

of a decedent domiciled in New Mexico at the decedent's death has the same standing to sue and be sued in the courts of New Mexico and the courts of any other jurisdiction as the decedent had immediately prior to death." N.M. STAT. ANN. § 45-3-703(E). A suit against the Estate of Samuel Castillo Mendoza, then, is a suit against Stacy Castillo, because she is the personal representative of the estate.

It is not clear to the Court how Stacy Castillo could possibly carry out conflicting fiduciary roles—acting as both power of attorney for plaintiff Tomas Castillo and as personal representative for defendant Estate of Samuel Castillo Mendoza. As a power of attorney for plaintiff Tomas Castillo, New Mexico law requires Stacy Castillo to act "in the principal's best interest," and "act so as not to create a conflict of interest that impairs the agent's ability to act impartially in the principal's best interest." N.M. STAT. ANN. § 45-5B-114(A), (B)(2). As the personal representative for defendant Estate of Samuel Castillo Mendoza, New Mexico law requires Stacy Castillo to act as "a fiduciary who shall observe the same standards of care applicable to trustees." N.M. STAT. ANN. § 45-3-703(A). "The personal representative shall use the authority conferred upon the personal representative by the Uniform Probate Code, the terms of the will, if any, and any order in proceedings to which the personal representative is party for the best interests of successors to the estate." *Id*.

Plaintiffs' amended complaint does not eliminate these conflicts. The amended complaint did remove the Estate of Samuel Castillo Mendoza as a named defendant. *See* Doc. 11. However, the amended complaint sues the remaining defendants, Janet Rendon and Jesus Alejandro Rodrigues, for "aiding and abetting breach of fiduciary duty." *Id*. at ¶¶ 37–43. As an element of this claim, plaintiffs must prove that the Estate of Samuel Castillo Mendoza "breached the duty" owed to plaintiff Tomas Castillo. *See GCM, Inc. v. Kentucky Cent. Life*

*Ins. Co.*, 1997-NMSC-052, ¶ 17, 124 N.M. 186, 191, 947 P.2d 143, 148 (an element of aiding and abetting a breach of fiduciary duty is that "a fiduciary of the plaintiff breached a duty owed to the plaintiff").  In addition, plaintiffs' claim for unjust enrichment in the amended complaint still contains allegations against the Estate of Samuel Castillo Mendoza.  Doc. 11 ¶¶ 29, 31, 35.  Finally, defendants' answer to the amended complaint raises the affirmative defense of "failure to join indispensable parties."  Doc. 12 ¶ 25.  While defendants do not name the indispensable party, it appears likely to the Court that this party is the Estate of Samuel Castillo Mendoza.  The Estate of Samuel Castillo Mendoza is still essentially a defendant in this case, even if no longer named.  Plaintiffs are therefore ordered to show cause as to how Stacy Castillo can possibly carry out her conflicting fiduciary roles in this case—acting as both power of attorney for plaintiff Tomas Castillo and as personal representative for defendant Estate of Samuel Castillo Mendoza.

      Third, Stacy Castillo's role as both a plaintiff and a defendant in this case appears to lead to nonwaivable conflicts of interest for attorney Sean Simeson (and his firm).  Under the New Mexico Rules of Professional Conduct, "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest."  Rule 16-107(A) NMRA.  "A concurrent conflict of interest exists if:  (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."  *Id*.  This case presents the unusual set of circumstances where there appears to be a concurrent conflict of interest in advising one client, Stacy Castillo, about her conflicting legal obligations.  A lawyer is only allowed to represent a client when a concurrent conflict exists if:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing.

Rule 16-107(B) NMRA.   It is unclear to the Court how Mr. Simeson can "provide competent and diligent representation" to Ms. Castillo in her role as power of attorney for plaintiff Tomas Castillo, without counseling her to breach her fiduciary obligations as personal representative for defendant Estate of Samuel Castillo Mendoza.   In addition, the representation appears to involve claims by Stacy Castillo as plaintiff against herself as personal representative.

The Court does not see how Mr. Simeson can cure this ethical conundrum.   Mr. Simeson has now effectively represented both a plaintiff and a defendant in the same case.   Thus, even if Stacy Castillo were removed as a plaintiff in this case, the New Mexico Rules of Professional Conduct seem to preclude Mr. Simeson from representing any plaintiff in this case going forward.   A lawyer has an ongoing duty to former clients:

> A. **Subsequent Representation.** A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
> . . .
> **C. Former Representation.** A lawyer who has formerly represented a client in a matter . . . shall not thereafter:
>> (1) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client, or when the information has become generally known; or
>> (2) reveal information relating to the representation except as these rules would permit or require with respect to a client.

Rule 16-109(A), (C), NMRA.   Having represented Stacy Castillo when she was essentially both

a plaintiff and a defendant in the same case, it is unclear how anyone could give "informed consent" for Mr. Simeson to represent any plaintiff in this case. In addition, any information Mr. Simeson obtained from Stacy Castillo up to this point was obtained from both a plaintiff and a defendant. It is unclear to the Court how he can proceed representing any plaintiff in this case without using this information. Therefore, Mr. Simeson is ordered to show cause as to how his representation of Stacy Castillo, or any plaintiff, complies with the New Mexico Rules of Professional Conduct.

Plaintiffs' response to this order to show cause shall be filed within 14 days of the date of this order. Defendants shall be allowed 14 days after the date of the response to file an optional reply.

_____
Laura Fashing
United States Magistrate Judge