IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOMAS CASTILLO and
STACY CASTILLO,

      Plaintiffs,

v().                                                1:21-cv-01163-JCH-LF

JANET RENDON, and
JESUS ALEJANDRO RODRIGUES,

      Defendants,

and

JESUS ALEJANDRO RODRIGUES,
and JANET RENDON,

      Counter Claimants,

v.

STACY CASTILLO and
TOMAS CASTILLO,

      Counter Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
ON ISSUES RAISED IN THE ORDER TO SHOW CAUSE**

THIS MATTER comes before the Court on its Order to Show Cause, filed on May 2, 2022. Doc. 17. Plaintiffs' filed a Response to the Order to Show Cause on May 16, 2022. Doc. 18. Defendants did not file a reply, and the deadline for doing so has passed. *See* Doc. 17 at 6. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Honorable Senior District Judge Judith C. Herrera referred the following issues to me: "whether Stacy Castillo is a real party in interest and if not, whether her claims should be dismissed; whether conflicts of interest prevent Stacy Castillo or her attorney from participating in this case." Doc. 20. Having reviewed plaintiffs'

response to the order to show cause and the relevant law, I recommend that the Court dismiss Stacy Castillo as a plaintiff in this case. I also recommend that the Court find that the dismissal of Stacy of Castillo as a plaintiff, Stacy Castillo's withdrawal as the personal representative of the Estate of Samuel Castillo, and the dismissal of the Estate of Samuel Castillo as a defendant, renders all conflicts of interest in this case moot.

## I. Real Party in Interest

On May 2, 2022, the Court issued an Order to Show Cause, ordering plaintiffs to show cause as to how Stacy Castillo is a "real party in interest" under Federal Rule of Civil Procedure 17(a), which states that "[a]n action must be prosecuted in the name of the real party in interest." Doc. 17 at 2. The Court noted that the amended complaint named Stacy Castillo as a plaintiff. *Id.* (citing Doc. 11). However, the Court also noted that the amended complaint did not allege any claims on behalf of Stacy Castillo, but stated only that "Stacy Castillo is Plaintiff Tomas Castillo's daughter and duly appointed power of attorney with authority to carry out any and all legal actions pertaining to the subject property." *Id.* (quoting Doc. 11 ¶ 4). In addition, at a status conference held by the Court on February 24, 2022, plaintiffs' attorney, Mr. Sean Simeson, admitted that Stacy Castillo was named as a plaintiff solely because she has power of attorney for Mr. Castillo, who resides in Mexico. *See* Doc. 9 at 1.

Plaintiffs raise two claims in their response to the order to show cause, neither of which have merit. First, plaintiffs claim that Stacy Castillo is a real party in interest under Federal Rule of Civil Procedure 17(a)(1)(F). Doc. 18 at 2. This rule states that "a party with whom or in whose name a contract has been made for another's benefit" is a real party in interest. FED. R. CIV. P. 17(a)(1)(F). Plaintiffs assert that Stacy Castillo is a "real party in interest because she is a party in whose name a contract has been made for another's benefit—namely, Plaintiff

Tomas Castillo."  Doc. 18 at 2.  The contract consists of a "power of attorney" that grants Stacy Castillo authority to carry out all legal actions "with respect to the property that is the subject of this lawsuit."  *Id*.  Second, counsel states that he has not located any "controlling precedent" showing that a power of attorney is "insufficient to create a real party in interest."  *Id*.  Notably, however, plaintiffs cite no case law or other authority showing that a power of attorney makes someone a real party in interest under Rule 17(a)(1)(F), and the Court has found no such authority.  Counsel's failure to find "controlling precedent" is similarly unavailing.  Plaintiffs have cited no authority to suggest that it is appropriate for an individual who has power of attorney from the real party in interest to prosecute an action as the named party.  There is, in fact, much authority to the contrary.

"An attorney-in-fact is not a real party in interest.  The attorney is merely an agent of the real party in interest and does not possess interests sufficient to qualify for real party in interest status.  Thus, the attorney-in-fact cannot bring suit in its own name."  4 MOORE'S FEDERAL PRACTICE - CIVIL § 17.10 (2022).  "A person authorized to bring suit solely on the basis of a power of attorney is not a real party in interest; courts have uniformly denied such a party the right to sue in its own name."  *Airlines Reporting Corp. v. S & N Travel, Inc.*, 857 F. Supp. 1043, 1046–47 (E.D.N.Y. 1994), aff'd, 58 F.3d 857 (2d Cir. 1995) (collecting cases); *see also Int'l Ass'n of Firefighters, Loc. 2069 v. City of Sylacauga*, 436 F. Supp. 482, 488 (N.D. Ala. 1977) ("It is well settled . . . that a grant of a mere power of attorney, short of an assignment of a claim, does not change the real party in interest."); *Birkins v. Seaboard Service*, 96 F. Supp. 245, 248 (D.N.J. 1950) (an assignee is regarded as real party in interest, but an attorney-in-fact is not); *Advanced Magnetics, Inc. v. Bayfront Partners, Inc*., 106 F.3d 11, 17–18 (2d Cir. 1997) (same).  "[A]n agent may be expressly authorized to institute litigation on behalf of a principal."  *Choi v.*

*Kim*, 50 F.3d 244, 247 n.4 (3d Cir. 1995). In such cases, however, the principal—not the agent—remains the real party in interest. *Cortlandt St. Recovery Corp. v. Hellas Telecommunications I, S.a.r.l*, 790 F.3d 411, 421 (2d Cir. 2015) (power of attorney does not give grantee power to sue in his or her own name); *Choi*, 50 F.3d at 247 (same).

"In a diversity case, a federal district court must look to the substantive law of the state in which it is located to determine whether a complainant is the real party in interest." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). "Whether a complainant is the real party in interest under state law is generally resolved by inquiring whether he or she has standing under state law." *Id*. (citations omitted). New Mexico's standing doctrine requires litigants to allege that "(1) they are directly injured as a result of the action they seek to challenge, (2) there is a causal relationship between the injury and the challenged conduct, and (3) the injury is likely to be redressed by a favorable decision." *O'Brien v. Behles*, 2020-NMCA-032, ¶ 25, 464 P.3d 1097, 1107–08 (internal quotation, citation, and alterations omitted). The operative complaint in this case does not allege any claims on behalf of Stacy Castillo. Because she fails to allege that she was directly injured by any actions of the defendants,[1] she fails to show she has standing. Thus, under the substantive law of New Mexico, which applies in this diversity action, Stacy Castillo is not a real party in interest in this case.

Based on the foregoing, I recommend that the Court dismiss Stacy Castillo as a plaintiff in this case. Further, because Stacy Castillo will be removed as a plaintiff, defendants may not bring any claim they have against her as a counterclaim; they instead would have to bring any

---

[1] New Mexico law does permit assignees to sue in their own names. *See Rogers v. Garde*, 1928-NMSC-011, ¶ 5, 33 N.M. 245, 264 P. 951, 952. However, Stacy Castillo is not an assignee.

claims against her as a third party. Consequently, I recommend that the Court order plaintiff to file a second amended complaint removing Stacy Castillo as a plaintiff within 21 days of the order adopting this PFRD. I also recommend that the Court order defendants to file an answer to the second amended complaint and an amended counterclaim within 21 days of the filing of the second amended complaint.

## II.    **Conflicts of Interest**

In the show cause order, I asked plaintiffs to address the conflicts created by the dual roles of Stacy Castillo as both a plaintiff and a defendant in the same case; and by the conflicting fiduciary roles of Stacy Castillo resulting from her acting as both an attorney-in-fact for Tomas Castillo, and as a personal representative for the Estate of Samuel Castillo Mendoza. *See* Doc. 17 at 2–4. As discussed above, I recommend that Stacy Castillo be dismissed as a plaintiff in this case. This resolves the conflict created by Stacy Castillo being both a plaintiff and a defendant in this case. In their response to the order to show cause, plaintiffs' counsel stated that he intended to "file a petition to remove Stacy Castillo as personal representative of the Estate of Samuel Castillo so there is no perceived conflict." Doc. 18 at 3. Once Stacy Castillo is removed as personal representative of the Estate of Samuel Castillo, the Court's concerns with the conflicting fiduciary roles of Stacy Castillo will be moot. If Ms. Castillo has not already been removed as personal representative, I recommend the Court direct plaintiffs' counsel to petition to do so within ten days of the date of the order adopting this PFRD. I further recommend the Court require Plaintiffs' counsel to file a notice with this Court showing that Stacy Castillo has been removed as personal representative of the estate within seven days of her removal.

Finally, the Court asked counsel to address whether Stacy Castillo's role as both a

plaintiff and a defendant in this case led to nonwaivable conflicts of interest for both him and his firm.  Doc. 17 at 4–6.  As discussed above, I recommend the Court dismiss Stacy Castillo as a plaintiff in this case because she is not a real party in interest, and because she lacks standing under New Mexico law to act as a plaintiff in this case.   In addition, in their response to the order to show cause, plaintiffs point out that they dismissed the Estate of Samuel Castillo as a party, and that the Estate of Samuel Castillo has not been joined by defendants as an indispensable party.  Doc. 18 at 3.  As Stacy Castillo should be dismissed as a plaintiff, and the Estate of Samuel Castillo is no longer a party to this action, I recommend that the Court find that there are no conflicts of interest remaining in this case for the Court to address.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.  *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court.  *Id*.  In other words, if no objections are filed, no appellate review will be allowed.**

Laura Fashing
United States Magistrate Judge